HONORABLE JOHN W. SEDWICK

Roberta Steele, Regional Attorney
Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Avenue, P.O. Box 36025
San Francisco, CA 94102-3661

John Stanley, Supervisory Trial Attorney
May Che, Senior Trial Attorney
Equal Employment Opportunity Commission
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
Tel: 206.220.6919
may.che@eeoc.gov

Attorneys for Plaintiff EEOC

# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff, and<br><br>HANNA HURST,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>SUMITOMO METAL MINING POGO, LLC.,<br><br>Defendant. | CIVIL NO. 4:18-cv-00034-JWS<br><br>[PROPOSED] CONSENT DECREE |

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 1 of 19

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 1 of 19

# I. INTRODUCTION

1. This action originated when Hanna Hurst filed a charge of discrimination with the Equal Employment Opportunity Commission on July 18, 2014, alleging violations of Title VII by Defendant Sumitomo Metal Mining Pogo, LLC, now known as Northern Star (Pogo) LLC, following the acquisition of Sumitomo Metal Mining Pogo, LLC by Northern Star (Alaska) LLC on September 28, 2018. The Defendant and Northern Star (Alaska) LLC are wholly owned subsidiaries of Northern Star Resources Limited, a public company incorporated in Australia.

2. On May 24, 2018, the EEOC issued a Letter of Determination with a finding of reasonable cause to believe that Defendant violated Title VII by discriminating against Ms. Hurst on the basis of sex, subjecting her to unlawful retaliation, and causing her constructive discharge. Thereafter, EEOC attempted to conciliate the charge and conciliation was unsuccessful.

3. The Commission filed its Complaint in this lawsuit ("the Civil Action") on September 26, 2018 ("the EEOC's Complaint"), in the United States District Court for the District of Alaska, alleging that Defendant violated Title VII by discriminating against Ms. Hurst when it denied her equal training and promotion opportunities on the basis of sex, female, and unlawfully retaliated against her by imposing a higher standard for advancement as compared to her male colleagues, and denying her training opportunities, causing her constructive discharge on or about October 24, 2014.

4. On 2019, Ms. Hurst was granted leave to intervene as a plaintiff and filed her own Complaint in Intervention, alleging violations of Title VII, as well as state anti-discrimination laws.

5. EEOC and Defendant ("the Parties") want to conclude fully and finally all claims arising out of the EEOC's Complaint, Ms. Hurst's charge of discrimination filed with EEOC,

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 2 of 19

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 2 of 19

and the EEOC's administrative determination. The Parties enter into this Consent Decree to further the objectives of equal employment opportunity as set forth under Title VII.

## II. NON-ADMISSION OF LIABILITY AND NON-DETERMINATION BY THE COURT

6. This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation of Title VII by Northern Star (Pogo) LLC, which has denied the allegations of the EEOC's Complaint.

## III. JURISDICTION AND VENUE

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000e *et seq*. ("Title VII") and section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

8. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Alaska.

## IV. SETTLEMENT SCOPE

9. This Consent Decree is the final resolution of all allegations of unlawful employment practices contained in Ms. Hurst's discrimination charge, in the EEOC's administrative determination, and in the EEOC's Complaint filed herein, including all claims by the Parties for attorneys' fees and costs.

10. The Defendant will not condition the receipt of monetary relief on Ms. Hurst's agreement to: (a) maintain as confidential the facts and/or allegations underlying her charge and the Complaint and the terms of this Decree; (b) waive her statutory right to file a charge with any

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 3 of 19

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 3 of 19

governmental agency; (c) refrain from reapplying for a job with Defendant; or (d) a non-disparagement and/or confidentiality agreement.

## V. MONETARY RELIEF

11. The Defendant shall pay Ms. Hurst a total sum of six hundred ninety thousand dollars ($690,000) ("Settlement Payment") within thirty (30) business days of the entry date of this Consent Decree as set forth below. This payment shall include specific amounts allocated by the Parties for wage and non-wage damages. Ms. Hurst shall provide Defendant with current versions of W-4 and W-9 Forms within five (5) days of the entry of this Decree. The Parties agree that the allocation detailed below reflects their intent regarding the Settlement Payment to Ms. Hurst. The Settlement Payment sum shall be allocated as follows:

a) Two hundred twenty-two thousand three hundred dollars ($222,300), less applicable employee income tax withholding and wage related deductions as required by law, shall be paid to Hanna Hurst, as and for Ms. Hurst's wage damages, for which an IRS Form W-2 shall be issued to Ms. Hurst. The applicable income tax withholding and wage related deductions shall be made consistent with IRS Publication 15, which provides that the pay period upon which withholding shall be based from a payment of this type shall be calculated from January 1 of the same year through the date of payment.

b) Two hundred forty thousand dollars ($240,000) shall be paid to Hanna Hurst, as and for Ms. Hurst's non-wage damages, from which no deductions or withholdings shall be made and for which an IRS Form 1099 will be issued to Ms. Hurst, as required by applicable U.S. Treasury Regulations.

c) Two hundred twenty-seven thousand seven hundred dollars ($227,700) shall be paid to Ms. Hurst's attorneys, Equal Rights Advocates, as and for its attorneys' fees and out-of-pocket expenses arising from its representation of Ms. Hurst in this matter, for which an IRS Form 1099 will be issued to Equal Rights Advocates and Ms. Hurst, as required by applicable U.S. Treasury Regulations.

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 4 of 19

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 4 of 19

12. These payments shall be made via electronic funds transfer to the bank accounts provided by Ms. Hurst.  Ms. Hurst shall provide Defendant with account routing information for the transfer of electronic funds within five (5) days of the entry of this Decree

13. The accompanying IRS Forms shall be mailed to:

   a) Hanna Hurst at the address to be provided on Ms. Hurst's W-4 and W-9 forms pursuant to paragraph 11 above; and

   b) Equal Rights Advocates
      1170 Market Street, Suite 700
      San Francisco, CA 94102

14. Defendant shall simultaneously transmit copies of evidence of the transfers made to Ms. Hurst, together with an accounting of employee deductions and employer contributions made, to: EEOC-SEFO_COMPLIANCE@EEOC.GOV.

## VI.  INJUNCTIVE AND OTHER RELIEF

A. General Provisions

15. The Defendant and its officers, employees, including managers, supervisors and human resources staff, agents, successors, and assigns are enjoined from engaging in practices that constitute discrimination based on an employee's sex or that constitute retaliation for an individual engaging in protected Equal Employment Opportunity ("EEO") activity.  In recognition of its obligations under Title VII, the Defendant shall institute the policies and practices set forth below.

16. During the duration of this Consent Decree, Defendant will provide prior written notice to any potential purchaser of the Defendant's businesses, or a purchaser of all or a portion of the Defendant's assets, and to any other potential successor, of the EEOC's lawsuit, the

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 5 of 19

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 5 of 19

allegations raised in the EEOC's Complaint, and the existence and contents of this Consent Decree.

B. <u>Appointment of an Employment Practices Expert</u>

17. Within forty-five (45) days of entry date of this Consent Decree, the Defendant shall retain an independent expert with a Ph.D. or Masters degree or equivalent training and experience, and who is an expert in the field of Industrial-Organizational Psychology ("Employment Practices Expert" or "Expert"), that shall be nominated by Defendant's Executive Manager – Capability & Culture ("Defendant's Executive Manager-CC"), to assist Defendant's Executive Manager-CC in reviewing, developing, and recommending policies and practices consistent with the requirements of this Consent Decree, and specifically with regard to equal employment opportunities in hiring, assignments, performance evaluations, training, and promotions. Upon selection of a nominee and prior to performance of Expert duties, Defendant shall submit materials related to a nominated Expert's qualifications and expertise, particularly as they relate to and are consistent with advancing the purpose and requirements of this Consent Decree, to the EEOC for review and comment. Within fifteen (15) days of receipt, the EEOC will advise the Defendant of any comments. The Defendant shall review the comments and act in good faith in response to those comments. The Defendant shall bear all costs of retaining the Employment Practices Expert for the duration of the Expert's duties as the Consent Decree provides. For the pendency of this Consent Decree, EEOC shall, in its discretion, have an opportunity to meet with the Employment Practices Expert in the presence of the Defendant's Executive Manager – CC (or her nominee), to discuss the Expert's reports and recommendations. The Defendant shall review the outcome of such discussions with EEOC and act in good faith in response to those discussions.

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 6 of 19

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 6 of 19

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 6 of 19

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 6 of 19

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

18. Within one hundred twenty days (120) days of retaining the Employment Practices Expert, the Defendant shall, in conjunction with the Expert, with respect to employees in grade levels 1-5 or their equivalents, evaluate and develop:

   a) Processes and procedures to govern assignments, training, promotion, hiring (external and internal), hiring classification and lateral transfer process that are designed to be consistent with a policy of promoting equal opportunity for all employees and a prohibition on unlawful discrimination or unlawful disparate treatment in any of the Defendant's processes or procedures;

   b) Processes and procedures relating to management accountability, internal oversight, and monitoring of individual managerial or supervisorial decisions regarding assignments, training, promotion, hiring (external and internal), hiring classification and lateral transfer process;

   c) Processes and procedures relating to accountability, internal oversight, and monitoring of individual trainer decisions regarding training opportunities, training content, and training completion sign-off; and

   d) Processes and procedures relating to the employee development process, including criteria and opportunities for promotion, and participation in training and assignments, that are designed to be consistent with a policy of promoting equal opportunity for all employees and a prohibition on unlawful discrimination or unlawful disparate treatment in any of the Defendant's processes or procedures.

19. Subject to signing an appropriate confidentiality agreement, and upon reasonable advance notice, the Employment Practices Expert will have access to all records, documents, data, and other sources of information, including interviews of the Defendant's personnel, which

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 7 of 19

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 7 of 19

the Expert and the Defendant's Executive Manager-CC agrees are necessary or appropriate to fulfill the responsibilities described in paragraphs 17-18 above.

20. Within one hundred eighty days (180) days of the Expert's retention, and thereafter within two hundred ten days (210) days of each anniversary of the entry date of this Consent Decree (including once following the conclusion of the Decree term), the Employment Practices Expert will submit to EEOC and the Defendant a written report ("Report") summarizing the evaluations, recommendations, and new processes or process enhancements that the Expert proposes pursuant to this Decree, including copies of any policies and/or procedures proposed by the Expert. The Employment Practices Expert also will review the Defendant's implementation of the programs, policies, and initiatives established by or impacted by this Decree and will include in the Report an assessment of the results of this review.

21. Whenever the Employment Practices Expert provides a Report, within thirty (30) days of receipt, the EEOC will identify and advise Defendant and the Expert in writing of any deficiencies in any of the Employment Practices Expert's evaluations or recommendations, or any areas of conflict with the provisions of this Consent Decree, especially regarding inconsistencies with the provisions described in paragraphs 17-18 above.

22. In the event that EEOC identifies deficiencies, conflicts, or inconsistencies as described in paragraph 21 above, EEOC shall, in its discretion, have an opportunity to meet with the Defendant and the Employment Practices Expert to discuss EEOC's concerns. The Defendant shall review the EEOC's concerns and act in good faith in response to those concerns. The Employment Practices Expert may make remedial changes and provide a Supplemental Report within 21 days of such meeting, if the EEOC confirms in writing that it has continuing

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 8 of 19

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 8 of 19

concerns within 7 days after such meeting, or in the event of no meeting, within 21 days of the EEOC's written notice of deficiency as described in paragraph 21 above.

23. If Defendant does not agree with the Employment Practices Expert's recommendations, Defendant shall propose alternative methods for addressing the concerns identified by the Employment Practices Expert and shall cooperate with the Employment Practices Expert in developing policies, practices or procedures to address those concerns consistent with Defendant's business needs and objectives. Whenever Defendant does not agree with the Expert's recommendations, within thirty (30) days after the Expert submitted a Report as described in paragraph 20, Defendant shall notify the EEOC of its position and basis for disagreement with the Expert's recommendation(s); and within sixty (60) days, after consultation with Defendant, the Expert will provide a Supplemental Report, if appropriate. EEOC will have an opportunity to review, comment, and consult on any Supplemental Report, consistent with the provisions of paragraphs 21-22 above. The Defendant shall review the EEOC's comments and act in good faith in response to those comments.

24. If it becomes necessary to replace the Employment Practices Expert during the term of this Decree for any reason, the Defendant will nominate and retain a replacement consistent with process described in paragraph 17.

C. <u>Anti-Discrimination Policies and Procedures</u>

25. Within two hundred ten (210) days from the date of entry of this Decree and for its duration, Defendant, in consultation with the Employment Practices Expert, shall develop and implement anti-discrimination policies and procedures that prohibit discrimination and retaliation, explain to employees their rights and responsibilities under EEO laws, and are subject to periodic updating to reflect changes in anti-discrimination laws. The policies will state that

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 9 of 19

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 9 of 19

they are promulgated at the direction of and with the endorsement by the Board of Directors and the Chief Executive Officer of Northern Star Resources Ltd. These policies and procedures, to the extent they are not already included as part of any Expert Report, shall be provided to the EEOC for review and comment no later than forty-five (45) days prior to implementation. Within thirty (30) days of receipt, the EEOC will advise Defendant of any comments. EEOC agrees to review the proposed policies and procedures in good faith. The Defendant shall review the EEOC's comments and act in good faith in response to those comments.

26. Defendant's anti-discrimination policies will contain specific provisions that prohibit practices which have the purpose or effect of unlawfully discriminating against any employee on the basis of gender, including but not limited to disparate treatment in assignments, training, promotions, discipline, or qualification standards.

27. Defendant's anti-discrimination policies will include provisions which prohibit retaliation against an individual for engaging in protected EEO activity.

28. <u>Complaint Procedures</u>. Defendant's anti-discrimination and anti-retaliation policies will include a complaint procedure for employees to ensure convenient access to points of contact for reporting and require a timely response by the company. The procedures shall: (a) identify multiple points of contact through which employees can lodge complaints, including phone numbers, addresses, and email addresses for those points of contact; (b) allow complaints to be submitted anonymously or verbally in the primary language of the employee, without need of submission of a written statement; (c) provide a method for documenting verbal complaints by management; (d) explain that Defendant will conduct a thorough investigation after a complaint is made or received; (e) indicate that investigations will commence within five (5) days after a complaint is received and be completed within thirty (30) days unless impracticable to do so; (f)

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 10 of 19

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 10 of 19

state that the confidentiality of complainants, victims and witnesses will be maintained to the extent feasible and as permitted by law; (g) state that Defendant will take appropriate corrective action upon determining that discrimination or retaliation has occurred; (h) state that complainants and witnesses will not be retaliated against or suffer any negative employment consequences for complaining or cooperating in an investigation; and (i) indicate that Defendant will communicate to the complainant, within five (5) days of the conclusion of the investigation, unless impracticable to do so, the results of the investigation including a general description of the remedial actions taken or proposed, if any. The procedures shall also include a statement from a high-ranking company official encouraging employees to come forward with complaints of discrimination and retaliation they experience or observe.

29. <u>Investigation Procedures</u>. Defendant, in consultation with the Employment Practices Expert, shall develop and implement an investigation procedure to ensure fair and competent investigations of complaints of discrimination and retaliation. The procedures shall, at a minimum, include requirements that: 1) Defendant begin the investigation of a complaint no later than five (5) days after the receipt of a complaint and complete it within thirty (30) days unless impracticable to do so; 2) all investigations shall be undertaken by a neutral person who has expertise and/or has received training on conducting investigations of discrimination; 3) all interviews of the alleged victim and witnesses will take place in private and individually (unless a representative is permitted by law), without the alleged discriminatory actor(s) present; 4) the identity of the alleged victim, witnesses, and facts of the discrimination will be kept confidential to the extent possible and to the extent permitted by law; 5) the Defendant will encourage witnesses not to disclose the identity of the complainant or the facts of the alleged discrimination to the extent permitted by law; 6) the alleged discriminatory actor(s) will be instructed that he or

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 11 of 19

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 11 of 19

she has to refrain from any action that might dissuade a potential witness from cooperating with any investigation; 7) the complainant will not be retaliated against or suffer any negative employment consequences because he or she reported alleged discrimination; 8) the complainant and witnesses will not suffer retaliatory actions by Defendant; 9) Defendant shall memorialize findings and corrective action in a written report that summarizes the company's findings; and 10) the complaining party will have the option to receive a summary of the investigative steps taken by Defendant and the outcome of the investigation.

30. <u>Policies Designed to Promote Accountability</u>. Defendant's anti-discrimination and anti-retaliation policies shall include provisions which specifically advise all of the Defendant's managers and supervisors, trainers, and human resources personnel providing advice and guidance to Defendant of their duty to ensure compliance with its EEO anti-discrimination policies, including the prohibition against retaliation, and shall provide that:

    a) Defendant shall impose discipline, up to and including termination of employment, upon any supervisor, manager, trainer, hiring official, or human resources personnel, who it determines discriminates against any applicant and/or employee on the basis of sex and/or gender or retaliates against any applicant and/or employee for complaining about discrimination.

    b) Defendant shall specifically advise all managers and supervisors of their duty to actively monitor their work areas to ensure employees' compliance with the company's anti-discrimination policies, and to report any incidents and/or complaints of discrimination, harassment and/or retaliation which they observe, or of which they become aware, to the designated employees or the human resources

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 12 of 19

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 12 of 19

personnel charged with handling such complaints. Any such reports shall be investigated pursuant to the procedures described in paragraph 29 above.

    c) In conducting performance reviews, Defendant shall include EEO enforcement and compliance as standards for managers, supervisors, trainers, hiring/interviewing officials, and human resources personnel.

31. Not later than two hundred ten (210) days after entry of this Consent Decree, Defendant shall place on the Defendant's noticeboards at site and in its Fairbanks office, a written copy of its anti-discrimination policies, and email copies to all of the Defendant's employees, both management and non-management, in addition to dissemination achieved through the Defendant's site entrance requirements and worker induction processes. These policies will also be distributed to every employee hired or re-hired during the duration of this Decree in addition to the induction process conducted for all new workers employed by the Defendant.

32. <u>Policy Modifications</u>. If Defendant modifies any of the policies listed in paragraphs 25-31 above during the duration of the Decree, Defendant shall submit to the EEOC for its review and consideration the proposed modifications no later than forty-five (45) days before adoption. Within thirty (30) days of receipt, the EEOC will advise Defendant of any comments. EEOC agrees to review the proposed modifications in good faith. The Defendant agrees to review the EEOC's comments and act in good faith in response to those comments.

D. <u>Equal Employment Opportunity Trainings</u>

33. Not later than two hundred seventy (270) days after entry of this Consent Decree and thereafter annually, Defendant shall provide an in person, interactive EEO training seminar to all Pogo Mine Alaska officers, managers, supervisors, and trainers, and all human resource

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 13 of 19

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 4:18-cv-00034-JWS Document 34 Filed 05/28/19 Page 13 of 19

professionals who provide advice and assistance to them. The first annual anti-discrimination training under this Consent Decree shall be, at a minimum, four (4) hours in duration, and each annual anti-discrimination training thereafter shall be of a duration approved by the Employment Practices Expert. All annual anti-discrimination trainings shall include, at a minimum, an overview of Title VII with special emphasis on Defendant's policies of promoting equal opportunity in hiring, training, assignments, promotions, and qualification standards, and its prohibition against retaliation, and provide managers and supervisors with instruction on the proper utilization of tools and guidelines designed to ensure that all employees are classified in the appropriate grade level.

34. Not later than two hundred seventy (270) days after entry of this Consent Decree and thereafter annually, Defendant shall provide an in person, interactive EEO training seminar to all its employees at its Pogo Mine Alaska facilities. The first annual anti-discrimination training for employees shall be, at a minimum, three (3) hours in duration, and each annual anti-discrimination training thereafter shall be of a duration approved by the Employment Practices Expert. All annual anti-discrimination trainings shall include, at a minimum, an overview of Title VII with special emphasis on Defendant's policy to promote equal employment opportunities for all employees and applicants; Defendant's complaint process and contact information for reporting discrimination; bystander intervention techniques when employees witness discrimination occurring; and that retaliation against an employee who opposes or complains of discrimination is prohibited.

35. The trainings described in paragraphs 33-34 shall be developed in consultation with the Defendant's Executive Manager-CC, and the Employment Practices Expert, and shall be conducted by an individual with established training and experience in conducting anti-

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 14 of 19

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 14 of 19

discrimination and anti-retaliation training with an emphasis on Title VII in the context of male-dominated industries, which individual may include the Employment Practices Expert or other person nominated by the Defendant's Executive Manager-CC. All training materials must be submitted to the EEOC for review and comment no later than forty-five (45) days prior to holding the first training sessions. Within thirty (30) days of receipt, the EEOC will advise the Expert and Defendant of any comments. EEOC agrees to review the proposed training materials in good faith. The Defendant shall review the EEOC's comments and act in good faith in response to those comments. The costs of training shall be borne by Defendant.

36. If Pogo modifies the EEO trainings identified in paragraphs 33-34 above during the duration of the Decree, Defendant shall submit to the EEOC for its review and comment the proposed modifications no later than forty-five (45) days before adoption. Within thirty (30) days of receipt, the EEOC will advise the Expert and Defendant of any comments. EEOC agrees to review the proposed modifications in good faith. The Defendant shall review the EEOC's comments and act in good faith in response to those comments.

37. For the duration of this Consent Decree, Defendant shall notify the EEOC of the completion of the training seminars and shall specify the names and job titles of the individuals who participated in and completed the training. This information shall be provided as part of the annual report Defendant submits to the EEOC.

E.  Non-Disclosure of Information

38. Defendant will ensure no charge or allegation of discrimination against Defendant and this lawsuit is included in Ms. Hurst's personnel file and shall take affirmative steps to ensure that any such information is purged from her file. Defendant shall not disclose any information or make reference to any charge of discrimination, this lawsuit or internal

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 15 of 19

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 15 of 19

complaints of harassment, discrimination or retaliation in responding to requests for information from potential employers about Ms. Hurst. Defendant shall purge from Ms. Hurst's personnel file any record or reference to the Step 3 discipline she received in October 2014. When fielding inquiries about Ms. Hurst, Defendant shall provide a neutral job reference consisting of employment dates, positions held, and that Ms. Hurst voluntarily resigned, and is eligible for rehire.

F.  Reporting

39. Defendant shall report to the EEOC for a period of three (3) years. The reports shall be in writing and submitted on an annual basis during the three-year reporting period to EEOC-SEFO_COMPLIANCE@EEOC.GOV. The reporting period will run from the date of the entry of this Consent Decree.

40. These annual reports shall contain the following information and attachments:

   a.  Certification that Defendant has:

   1. Continued to maintain its written EEO policies and procedures and distributed copies of its EEO policy as described in Paragraphs 25-31;

   2. Complied with the training provisions enumerated in this Consent Decree, as provided in Paragraphs 33-37 and provide a list of all attendees, with job titles, for each training completed; and

   3. Continued to mandate accountability by managers, supervisors, store managers, hiring/interviewing officials, and human resources personnel as required by Paragraph 30; and

   4. Complied with all other provisions of this Consent Decree.

   b.  Copies of the following documents shall be included with each annual report submitted to the Seattle Field Office of the EEOC:

   1. A copy of the EEO policy and procedures maintained in accordance with the provisions of this Consent Decree; a copy of its current EEO policy

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 16 of 19

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 16 of 19

    and a list of any changes, modifications or revisions to its EEO policies and procedures, if any, which concern or affect the subject of discrimination or retaliation;

  2. A summary of internal formal or informal sex or gender discrimination or retaliation complaints, if any, filed by employees, identified by name, the actions taken by the company and the resolution of each such complaint;

  3. The home address, home and cell phone numbers and email address for any complainant(s) to the extent such information is within Defendant's possession.

41. If applicable, Defendant shall submit a statement with its report to the EEOC specifying the areas of noncompliance, the reason for the noncompliance, and the steps that shall be taken to bring Defendant into compliance.

G. <u>Posting</u>

42. Defendant shall post a Notice to All Employees within fourteen (14) days of entry of this Consent Decree. This Notice is attached as Exhibit 1 to this Consent Decree. The Notice shall be conspicuously posted on a bulletin board at all Pogo Mine, Alaska facilities for the duration of the Consent Decree.

## VII. <u>ENFORCEMENT</u>

43. If the EEOC determines that Defendant has not complied with the terms of this Consent Decree, the EEOC shall provide written notification of the alleged breach to Defendant within thirty (30) days of notice of the alleged breach.

44. The Parties will work diligently and in good faith to resolve all disputes that may arise during the term of this Consent Decree concerning the rights, obligations and duties of the Parties to this Consent Decree. The EEOC shall not petition the Court for enforcement of this Consent Decree for at least thirty (30) days after providing written notification of the alleged breach. The 30-day period following the written notice shall be used by the EEOC and Defendant for good faith efforts to resolve the dispute.

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 17 of 19

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 4:18-cv-00034-JWS Document 34 Filed 05/28/19 Page 17 of 19

## VIII. RETENTION OF JURISDICTION

45. The United States District Court for the District of Alaska shall retain jurisdiction over this matter for the duration of this Consent Decree for enforcement purposes.

## IX. DURATION AND TERMINATION

46. This Consent Decree shall be in effect for three (3) years from the date of entry of the Decree. If the EEOC petitions the Court for breach of this Consent Decree, and the Court finds Defendant to be in violation of the terms of the Consent Decree, the Court may extend the duration of this Consent Decree.

RESPECTFULLY SUBMITTED this 28th day of May 2019.

| | |
|---|---|
| ROBERTA L. STEELE<br>Regional Attorney | JAMES L. LEE<br>Deputy General Counsel |
| JOHN F. STANLEY<br>Supervisory Trial Attorney | GWENDOLYN Y. REAMS<br>Associate General Counsel |
| MAY R. CHE<br>Senior Trial Attorney | |

BY: /s/ Roberta L. Steele
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Avenue, P.O. Box 36025
San Francisco, CA 94102-3661
Telephone (415) 522-3011
roberta.steele@eeoc.gov

Office of the General Counsel
131 M Street, N.E.
Washington, D.C. 20507

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: /s/ Karin D. Jones
STOEL RIVES LLP
600 University Street, Suite 3600

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 18 of 19

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 18 of 19

Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

Attorneys for Defendant
NORTHERN STAR (POGO) LLC

[PROPOSED] CONSENT DECREE
4:18-cv-00034-JWS
Page 19 of 19

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 4:18-cv-00034-JWS   Document 34   Filed 05/28/19   Page 19 of 19